IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DARWIN DEMOND LEWIS, #43752-177,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **CIVIL CASE NO. 3:16-CV-1756-N-BK** |
| | § | **(CRIMINAL CASE NO. 3:11-CR-351-N-1)** |
| **UNITED STATES OF AMERICA,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. 636(b) and Special Order 3, Petitioner's motion to vacate sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge.  Because this is a successive section 2255 motion, it is recommended that it be dismissed without prejudice.

**I.  BACKGROUND**

In 2012, Petitioner pled guilty to bank robbery and was sentenced as a career offender to 162 months' imprisonment and a three-year term of supervised release, and was ordered to pay restitution in the amount of $5,169.11.  *United States v. Lewis*, 3:11-CR-351-P (N.D. Tex. 2012), Crim. Doc. 29, appeal dismissed as frivolous, 513 Fed. App'x 396 (5th Cir. Feb. 19, 2013).

In 2015, he challenged his sentence as unconstitutional in light of the Supreme Court's holding in *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551, 2563 (2015), that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), violates the Constitution's guarantee of due process.  However, before *Johnson* was found retroactively applicable to cases on collateral review, *see United States v. Welch*, --- U.S. ---, 136 S. Ct. 1257 (2016), this Court dismissed the section 2255 motion with prejudice as time barred under then controlling circuit precedent.  *See Lewis v. United States*, No. 3:15-CV-3676-P, Civ. Doc. 6 (N.D. Tex. Feb. 5, 2016).  The United States Court of Appeals for the Fifth Circuit subsequently

denied leave to file a successive application, concluding that "[e]ven if *Johnson* does apply to the residual clause in [U.S.S.G.] §4Bl.2(a)(2), Lewis would not be entitled to relief." *In re Lewis*, No. 16-10287 (5th Cir. May 18, 2016).[1]

> Although Lewis's prior Texas conviction for evading arrest in a motor vehicle would no longer be considered a crime of violence under the residual clause of §4Bl.2(a)(2) if *Johnson* applied here, the enhancement was also based on his three prior Texas convictions for burglary of a habitation in violation of Texas Penal Code § 30.02(a)(l), which are the equivalent of the enumerated offense of "'burglary of a dwelling'" and, therefore, constitute crimes of violence for purposes of the Guidelines. *See United States v. Conde-Castaneda*, 753 F.3d 172, 177-79 (5th Cir. 2014); *United States v. Morales-Mota*, 704 F.3d 410, 412 (5th Cir. 2013); *United States v. Moore*, 635 F.3d 774, 776 (5th Cir. 2011).

*Id.*

In the case *sub judice*, Petitioner, proceeding *pro se*, again challenges his sentence as unconstitutional based on *Johnson*. Doc. 4 at 7.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b). In general, to raise a new claim, the petitioner must show that the successive motion is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see In re Elwood*,

---

[1] Shortly after this case was filed, the Supreme Court granted certiorari in *Beckles v. United States*, ___ U.S. ___, 2016 WL 1029080 (Jun. 27, 2016), to address whether *Johnson* applies to the career offender provision of the United States Sentencing Guidelines.

408 F.3d 211, 212 (5th Cir. 2005) (*per curiam*).  However, before a petitioner may file a successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the applicant makes the requisite *prima facie* showing.  *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A)-(B).  Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas application unless the United States Court of Appeals has first granted the petitioner permission to file such an application.  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Here, even assuming Petitioner's claim has merit, the Court of Appeals has not issued an order authorizing the Court to consider the successive section 2255 motion.  Because Petitioner must obtain such an order before he can file a successive application challenging his conviction, this section 2255 motion should be dismissed without prejudice for want of jurisdiction.[2]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the successive section 2255 motion be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction and for failure to obtain prior

---

[2] Contrary to Petitioner assertions, Doc. 5 at 3, the dismissal his first section 2255 motion on limitations grounds constituted an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions.  *See In re Flowers, 595 F.3d 204, 205 (5th Cir. 2009)* (per curiam).

authorization from the United States Court of Appeals for the Fifth Circuit to file a successive section 2255 motion.  *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3).

**SIGNED** July 7, 2016.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE